## 61350. CAUDILL v. THE STATE.

BANKE, Judge.

This is an appeal from the dismissal of a motion to suppress evidence obtained from a telephone wiretap in a prosecution for commercial gambling and communicating commercial gambling information. The appellant contends that the assistant district attorney handling the case for the state, Joseph L. Chambers, obtained the dismissal order through the use of improper and unethical tactics and asks this court to dismiss the indictment as sanction against the alleged improprieties.

The electronic surveillance was conducted in 1977. However, due to plea negotiations with two defense attorneys who formerly represented the appellant, it was not until May of 1980 that the state sought and obtained an indictment. At the arraignment hearing, held on June 19, 1980, the case was set for trial on August 11, 1980, and the appellant was given five days in which to file pre-trial motions. The case was placed on the July 9, 1980, motion calendar for consideration of any such motions; however, none were filed; and consequently, neither the appellant nor his newly retained attorney appeared at that time. Based on their non-appearance, the trial court, in the person of the Honorable Watson L. White, ruled orally that any defense motions filed in the case were dismissed, and the court clerk made the following notation in the docket: "No answer — any motion filed to be dismissed."

Mr. Chambers did not represent the state at the July 9 calendar call; however, on the same date he sent a letter to defense counsel, as required by Code Ann. § 26-3004 (j) and 18 USCA § 2518 (8) (d) and (9), notifying him that certain of the appellant's communications had been intercepted for use as evidence against him and offering to make the substance of these intercepted communications available upon request. The letter contained copies of the applications for the surveillance warrants, the affidavits in support of the warrants, and the warrants themselves, as required by the statutes.

Because the letter was not sent to defense counsel's current office address, it was delayed in reaching him. On August 8, 1980, he

filed a motion to suppress and obtained a rule nisi from the then presiding judge, the Honorable Howell C. Ravan, setting a hearing on the motion for October 1, 1980. The case was evidently removed from the August 11 trial calendar as the result of this order, although no motion for continuance or order for continuance appears in the record.

Judge Ravan subsequently continued the hearing from October 1 to October 2. When the case was called on October 2, however, Chambers presented the court with an *ex parte* order which he had obtained from Judge White the previous day, without notice to the defense, purporting to dismiss the August 8 motion to suppress on the basis of the July 9 order dismissing all motions in the case. After hearing evidence as to the circumstances under which Chambers had obtained the *ex parte* order, Judge Ravan acceded to it but certified it for immediate review to this court. The appellant made a timely application for interlocutory review, which we granted. *Held:*

1. The argument advanced by the state as justification for the *ex parte* dismissal order of October 1, is that Judge White's oral dismissal order of July 9, applied prospectively so as to constitute an automatic dismissal of any subsequent motion which the appellant might file in the case and that the October 1 order merely reduced that order to writing. We find this theory so unacceptable on its face that it is difficult to believe it is advanced in good faith. This difficulty is increased by the fact that Judge White testified that he did not intend for the July 9 order to have such effect. (Although the written order of October 1, which was prepared by Mr. Chambers, makes specific reference to the motion to suppress filed August 8, Judge White also testified that he did not realize the order contained such language when he signed it.)

We proceed to an underlying issue—whether, in any event, the state had grounds to seek the dismissal of the motion to suppress. The state is required under both federal and state law to make certain disclosures to the defendant in a prosecution based on wiretap evidence. See generally *Orkin v. State,* 236 Ga. 176, 179 (223 SE2d 61) (1976); *Cox v. State,* 152 Ga. App. 453 (263 SE2d 238) (1979). One such disclosure is set forth in 18 USCA § 2518 (9) which provides as follows: "The contents of any intercepted wire or oral communication or evidence derived therefrom shall not be received in evidence or otherwise disclosed in any trial, hearing, or other proceeding in a Federal or State court unless each party, not less than ten days before the trial, hearing, or proceeding, has been furnished with a copy of the court order, and accompanying application, under which the interception was authorized or approved." Pursuant to this statute, and to the further requirements of 18 USCA § 2518 (8) (d) and Code

Ann. § 26-3004 (j), Chambers applied for and received, on June 30, 1980, an order authorizing the clerk to make available to him copies of these documents for transmittal to defense counsel. However, as previously indicated, it was not unitl July 9, the same day that Judge White orally announced the dismissal of all defense motions, that Chambers actually mailed these documents to defense counsel. As of that time, the appellant had neither a basis nor a reason for filing a motion to suppress.

Viewed in light of these circumstances, the state's argument that the appellant lost his right to file the motion to suppress on July 9 appears as nothing more than an attempt to deny the appellant any meaningful opportunity to challenge the evidence against him. The cases of *Jacobs v. State,* 133 Ga. App. 812 (1) (212 SE2d 468) (1975), and *Holton v. State,* 243 Ga. 312 (3) (253 SE2d 736) (1979), cited in support of the argument, are entirely inapposite. In *Jacobs,* the defendant's motion to suppress was dismissed because he failed to appear at the rule nisi hearing scheduled for it. In this case, of course, the defense was present for the scheduled hearing. *Holton* concerned the dismissal of a defendant's second motion to suppress, based on a finding that it was filed for purposes of delay. The facts in the case before us would not support such a finding, nor was one made in the lower court.

A motion to suppress may be made at any time before trial, or even later if "opportunity therefor did not exist or the defendant was not aware of the grounds for the motion." *Thomas v. State,* 118 Ga. App. 359, 360 (163 SE2d 850) (1968). Accord, 18 USCA § 2518 (10) (a). See also *Hawes v. State,* 240 Ga. 327 (7) (240 SE2d 833) (1977); *Gray v. State,* 145 Ga. App. 293 (1) (243 SE2d 687) (1978). The appellant in this case clearly had no meaningful opportunity to file his motion until the state had made the required disclosures to him. The August 8 filing was accordingly authorized, and the order of dismissal is accordingly reversed.

2. Although the issue was not raised in response to the application for immediate review, the state has asserted in its brief on appeal that this case is not properly before us because Code Ann. § 6-701 (a) 2 (A) makes no provision for one judge to certify another judge's order for immediate review. However, in view of the fact that Judge White's order was not issued pursuant to notice and opportunity for hearing, and in view of the fact that Judge Ravan in effect reasserted the dismissal before certifying it for review, we perceive no jurisdictional defect in the manner in which the appeal has reached us.

3. The state further urges that the motion to suppress should be denied in any event because it is not meritorious. However, because of

the state's efforts to forestall a ruling on this issue by the trial court, we cannot now consider it on appeal.

4. We are similarly unable to consider at this time the appellant's motion that the indictment be dismissed as sanction for the improper conduct of the state's attorney. While it would not appear that the appellant's right to a fair trial on the indictment has thus far been jeopardized, that is another issue which must first be addressed in the trial court before it may be considered on appeal.

*Judgment reversed. Deen, P. J., and Carley, J., concur.*

DECIDED FEBRUARY 9, 1981.

*Herbert Shafer,* for appellant.
*Thomas Charron, District Attorney, Joseph L. Chambers, Mary E. Staley, Assistant District Attorneys,* for appellee.