## 61752. SMITH v. THE STATE.

DECIDED APRIL 28, 1981 —
REHEARING DENIED MAY 28, 1981

*Ken Gordon,* for appellant.
*Arthur E. Mallory III, District Attorney, Gerald S. Stovall, Assistant District Attorney,* for appellee.

DEEN, Presiding Judge.
1. The evidence was sufficient to sustain the conviction under each count. A peace officer testified to seeing the pistol on the front floorboard of the defendant's truck in which he was sitting, reaching through the truck window and retrieving it. A certified copy of a prior conviction for the felony of theft by taking was introduced with the consent of the defendant's attorney. The officer also testified that he saw the marijuana in plain view in glassine bags within open paper bags in the back of the truck, along with various bottles containing pills. There was ample testimony by two officers that the defendant was smelling of alcohol, glassy of eye, slurred of speech and apparently drunk. This was while he was sitting in the truck about 45 minutes before his arrest. He was cautioned not to drive in that condition. About 45 minutes later he was seen driving the truck. He was pursued and the defendant drove the vehicle into a building and attempted to flee but was halted and arrested. There was testimony that he was under the influence at that time also, from all of which an inference is authorized that he was driving the car while in that condition.
Count 4 is supported by testimony that the defendant, when

stopped, cursed, hit and kicked the police officer who was arresting him. As to the remaining count, while evidence is in dispute as to whether there was a demand on the defendant to produce his driver's license (see Code § 68B-210 (b)) the jury obviously believed a state trooper who testified that he asked for the license several times and the defendant replied only by cursing him. An unexplained refusal of the defendant authorizes the presumption that he does not possess a valid license. Code § 68B-201. The general grounds raised by Enumerations 1, 3, 4 and 5 are without merit.

2. (a) The defendant's motion to suppress the marijuana is based on the theory that when the officer looked in the open bag in the rear of the defendant's truck he was "making a search," which he contends voids the admissibility of the evidence because if the plain view doctrine is relied on in a search without a warrant "the object must be inadvertently discovered"; in other words, if the officer is *looking,* any discovery is nullified. This is not the rule. "A police officer may seize what is in plain sight if, as here, he is in a place where he is constitutionally entitled to be." *Cook v. State,* 134 Ga. App. 712, 715 (3) (215 SE2d 728) (1975); *Lentile v. State,* 136 Ga. App. 611, 614 (222 SE2d 86) (1975). It is not a legal requirement that the officer be subjectively surprised by contraband in plain view or that he be forced to testify he was not expecting to find it. Whether an article is in plain view is, like other evidence, a question of fact, not intent.

(b) Ga. L. 1980, pp. 1388, 1389 (Code Ann. 27-1303), entitles the defendant on demand to a complete copy of any written scientific reports in the possession of the prosecution "which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal." Demand should be made at arraignment or within a reasonable time, and compliance should be at least 10 days prior to trial. Failure to comply results in "such report being excluded and suppressed from evidence" by the prosecution.

Arraignment was six days before trial. Apparently the demand was made, although the written motions were mislaid. The defendant's counsel was advised that the sheriff had a copy which counsel could have on request. Counsel did not contact the sheriff but relied on his position that under the code section it was up to the district attorney to furnish the report to him. The district attorney stated that he did not intend to use the written report on the analysis of marijuana but was going to take oral testimony from the crime lab expert and would see that defense counsel had ample time to interview this witness prior to his being placed on the stand. The witness in fact testified to experiments performed on the material to verify that it was marijuana. No written report was mentioned. No objection or motion to strike the witness' testimony regarding the

tests was made. Code Ann. § 27-1303 refers only to written scientific reports, and provides as the only sanction for nonproduction that such report shall be excluded from evidence. The motion to suppress was properly overruled.

3. Enumeration 7 complains that the court improperly commented on the evidence. Enumeration 8 urges that the state's attorney was guilty of like statements. Since no objection was offered at the time of either remark there is nothing before us for decision. *Allen v. State,* 235 Ga. 709, 715 (221 SE2d 405) (1975); *Dorsey v. State,* 236 Ga. 591 (6) (225 SE2d 418) (1976); *Parrott v. State,* 144 Ga. App. 835 (243 SE2d 97) (1978).

4. The testimony of an officer that he went to the home of the defendant's ex-wife after she had requested police presence because her ex-husband was there with a gun was properly admitted to explain conduct. Code § 38-302. We consider the evidence admissible under *Arnold v. State,* 236 Ga. 534 (5) (224 SE2d 386) (1976). In any event, under the court's specific instructions that the testimony was admitted for the sole purpose of showing the officer's conduct and was not to be used for any other purpose, we find no harm. The purpose for which the testimony was admitted was stated and the jury was limited to consideration of it for this purpose alone. Defense counsel made no objection to the instruction and failed to indicate that any further instruction was desired. "[W]here, in response to the objection, the trial judge states that he does not admit [the evidence] generally, but admits it for a special purpose, and counsel for the objecting party, upon ascertaining the purpose for which it is to be admitted, makes no further objection to it, no question of error is raised in this court based upon the trial court's act in admitting it." *State Hwy. Dept. v. Harrison,* 115 Ga. App. 349 (2) (154 SE2d 723) (1967).

*Judgment affirmed. Banke and Carley, JJ., concur.*