61502. BLACKMON v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction for the offense of robbery.

1. Pursuant to Code Ann. § 27-1303 (Ga. L. 1980, p. 1388), appellant made a written request for copies of any scientific report in the possession of the prosecution which would be introduced in whole or in part by the state during trial. It is undisputed that appellant's counsel did in fact receive a copy of the only report of the State Crime

Laboratory which was in the possession of the district attorney. While the record before us contains no copy of this report, it apparently identified three items which were ultimately introduced into evidence at appellant's trial: a pair of appellant's pants, his shirt and a $20 bill. The written report stated that stains on the shirt tested positive for human blood. It was silent as to the results of any tests made on either the pants or the bill.

At trial the forensic serologist from the State Crime Laboratory who had conducted the tests on the items was called by the state and testified that the shirt was stained with human blood. The serologist was then asked about "foreign substances" on the other two items, the pants and the $20 bill. Over objections that such testimony was inadmissible because the written report was silent as to any "foreign substances" on the two items, the witness was permitted to state that both were stained with "blood" but in such small amounts that it was impossible to determine whether it was human or animal. Error is enumerated on the admission of this testimony.

We find no reversible error. "Code Ann. § 27-1303 refers only to written scientific reports, and provides as the only sanction for nonproduction that such report shall be excluded from evidence." *Smith v. State,* 158 Ga. App. 330 (1981). As stated, the record reflects that the district attorney made available every *written* scientific report which had been made available to him and there is no indication that the State Crime Laboratory had even made any *other* final written report on the pants and $20 bill. Since the testimony concerning these items established, in effect, that scientific tests were basically inconclusive with reference to specific classification of the bloodstains, that a written final report would make no reference to them is understandable. However, assuming that a preliminary but more explicative report establishing the presence of "blood" on the two items may have been in the possession of the State Crime Laboratory and that the applicability of Code Ann. § 27-1303 would be triggered thereby, the transcript nevertheless supports the trial court's decision to admit the testimony. While not without dispute, apparently defense counsel had been orally informed the day prior to trial that the final written report's silence with regard to the pants and bill did not indicate that the tests on those items were completely negative but that such tests had been merely inconclusive except to the extent they indicated the presence of some type of "blood." Thus, defense counsel was apparently informed of the true interpretation of the final written report's silence with reference to the two items—the Laboratory's inability to establish a definitive classification of the "blood"—as soon as the district attorney himself had been apprised of it. See *Smith v. State,* 158 Ga. App. 330, supra.

Under these circumstances, defense counsel being aware of the facts underlying the report, we cannot say that appellant was prejudiced by the admission of the witness' testimony.

Moreover, even assuming the admission of the testimony to be error because of the state's technical noncompliance with Code Ann. § 27-1303, appellant has demonstrated no harm thereby. Insofar as the testimony established that the tests on the two items were *conclusive* of the presence of blood, though inconclusive of the classification, it was, at most, merely cumulative of the unobjectionable testimony concerning the presence of human blood on appellant's shirt. Cf. *Smith v. State,* 144 Ga. App. 261, 262 (2) (240 SE2d 780) (1977). This evidence could not, and indeed the transcript shows, did not hamper appellant's counsel in the presentation of the defense.

2. Before giving the charge to the jury, the trial court informed defense counsel that no instruction on the defense of alibi would be given. Jury arguments were tailored accordingly. After arguments were concluded, however, a charge on the law of alibi was in fact given by the trial court. Appellant urges that this procedure deprived defense counsel of the opportunity to argue the defense of alibi before the jury and constitutes reversible error. "No cause for reversal appears . . . since counsel did not object and request permission to re-argue. [Cits.]" *Maddox v. Thomas,* 151 Ga. App. 477 (260 SE2d 355) (1979). See also *Daniels v. State,* 137 Ga. App. 371 (224 SE2d 60) (1976). Compare *Evans v. State,* 146 Ga. App. 480 (246 SE2d 482) (1978) (no substantial compliance by the trial court with Code Ann. § 70-207 (b)). *Chase v. State,* 148 Ga. App. 690 (252 SE2d 194) (1979), relied upon by appellant, is clearly inapplicable. In *Chase* the defendant was erroneously denied the benefit of *a charge* on a lesser included offense after defense counsel had been informed it would be given and had argued this issue before the jury. Obviously, that defense counsel was given the opportunity to reargue without reference to the lesser included offense would not cure but would compound the error in failing to give an instruction with regard to that issue and this court so held. In the instant case, however, appellant was not erroneously denied the benefit of a charge on alibi but merely contends that defense counsel should have been given the opportunity *to argue* this issue before the jury. In order to show error under these circumstances, it was necessary for defense counsel to object and request permission to reargue.

3. We find no merit in arguments that it was error to admit a photograph of the scene of the crime over objections that it was repetitive and cumulative of another one which had been previously admitted. *Mooney v. State,* 243 Ga. 373, 394 (254 SE2d 337) (1979).

*Judgment affirmed. Deen, P. J., and Banke, J., concur.*

DECIDED MAY 5, 1981.

*William U. Hyden, Jr.,* for appellant.
*David L. Lomenick, Jr., District Attorney, William P. Slack, Assistant District Attorney,* for appellee.