## 62434. MADIGAN v. THE STATE.

CARLEY, Judge.

Appellant was convicted by a jury of aggravated assault and armed robbery. Following the denial of his motion for a new trial, appellant brings this appeal from the judgment entered on the jury verdict. All of appellant's enumerations of error are concerned with the application of the criminal discovery statute, Ga. L. 1980, pp. 1988, 1989 (Code Ann. § 27-1303).

Appellant cites as error the admission, over objection, of the following testimony: First, a forensic serologist from the Georgia State Crime Laboratory was permitted to testify as to the nature and results of tests which she conducted on certain physical evidence pertinent to the instant case. Secondly, the physician who examined the prosecuting witness in the instant case was permitted to testify as to his medical findings, after refreshing his memory from a written hospital emergency room report. The record discloses that on June 9, 1980, appellant made a timely, written request under Code Ann. § 27-1303 for copies of any scientific reports made in connection with this case. A copy of the State Crime Laboratory report was furnished to appellant on June 17, 1980. Appellant was not given a copy of the hospital emergency room report. Less than 10 days later, on June 19, 1980, the case was called to trial.

Upon the call of this case, appellant filed a written motion to suppress the State Crime Laboratory report and to exclude any testimony in reference thereto because the report had not been furnished at least 10 days prior to trial as required by Code Ann. § 27-1303 (a). This motion was heard immediately preceding the trial and the court suppressed the introduction into evidence of the actual written report. During the presentation of the state's case, however, the trial court allowed, over objection, the forensic serologist from the State Crime Laboratory to testify as to the substance of this report. Similarly, the physician who examined the prosecuting witness was permitted to testify, over objection, as to the substance of the hospital emergency room report. Citing *Smith v. State,* 158 Ga. App. 663, (281 SE2d 631) (1981), the state argues that the challenged

testimony was properly admitted because the only sanction for non-compliance with Code Ann. § 27-1303 is the exclusion from evidence of the written report. Appellant argues that unless suppression of a written scientific report also extends to the exclusion of testimony concerning the substance of such a report, the exclusionary remedy provided by Code Ann. § 27-1303 (b) is meaningless.

The state's reliance on *Smith,* supra, is misplaced. *Tanner v. State,* 160 Ga. App. 266 (1981), is the latest expression of this court's interpretation of the sanctions provided for non-compliance with Code Ann. § 27-1303 and therein we declined to follow the holding in Division 2b of *Smith.* In *Tanner* the trial court permitted a pathologist to testify as to his medical findings even though this information was contained in the pathologist's written report, a copy of which had not been provided by the state in response to the defendant's timely written request for such scientific reports. Relying upon *Garner v. State,* 159 Ga. App. 244, (1) (282 SE2d 909) (1981), this Court held that "[a]lthough the pathologist's report itself was not admitted into evidence, the testimony of the pathologist at trial placed the substance of that report into evidence. To allow such a result would render unenforceable a criminal defendant's statutory right to pretrial discovery of certain documents the state intended to use against him at trial, for the state might simply refuse to comply with a defendant's demand for a copy of such documents and rely upon the person who took the in-custody statement or made the scientific report to offer testimony at trial which would place the substance of the 'undiscovered' documents into evidence or, as here, use the documents to refresh his memory and then offer testimony as to their substance. The statutory remedy for the state's failure to furnish a defendant with a copy of any written scientific report when a proper and timely demand has been made therefor is the exclusion and suppression of such reports from evidence in the state's case-in-chief or in rebuttal. The state should not be allowed to do indirectly that which it is prohibited from doing directly. [Cit.]" *Tanner* supra, 266.

In the instant case the state failed to provide appellant with a copy of the hospital emergency room report and failed to furnish appellant a copy of the State Crime Laboratory report at least 10 days prior to trial after appellant had made a timely written request for such reports. This violated the provisions of our criminal discovery statute and necessitated that both reports be excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal. Code Ann. § 27-1303 (b); *Garner v. State,* supra. Furthermore, under the reasoning enunciated in *Tanner,* supra, the

testimony of the forensic serologist and of the physician could not be used to establish the substance of these reports.

For the foregoing reasons, the trial court erred in permitting such testimony and in denying appellant's motion for new trial based upon such error. Thus, the judgment of the trial court is reversed and remanded with direction that testimony and evidence arising from the State Crime Laboratory's report and the hospital emergency room report be excluded and suppressed from any retrial of this case *unless* and until the state complies with the provisions of the criminal discovery statute. *Tanner,* supra.

*Judgment reversed and case remanded with direction. Banke, J., concurs. Deen, P. J. concurs specially.*

DECIDED NOVEMBER 18, 1981 —
REHEARING DENIED DECEMBER 7, 1981 —

*Andrew J. Whalen III,* for appellant.
*Johnnie L. Caldwell, Jr., District Attorney, J. David Fowler, Pascal A. English, Jr., Assistant District Attorneys,* for appellee.

DEEN, Presiding Judge, concurring specially.

In *Tanner v. State,* 160 Ga. App. 266 (1981), we declined to follow Division 2 of *Smith v. State,* 158 Ga. App. 663 (281 SE2d 631) (1981), and likewise we modified *Garner v. State,* 159 Ga. App. 244 (282 SE2d 909), (1981). *Blackmon v. State,* 158 Ga. App. 665 (281 SE2d 634) (1981) quotes and relies in part on *Smith,* supra, as to sanctions for nonproduction of scientific reports: "Moreover, even assuming the admission of the testimony to be error because of the *state's technical noncompliance with Code Ann. § 27-1303,* appellant has demonstrated no harm thereby." (Emphasis supplied.) In my opinion, we should clarify the status of *Blackmon,* supra, that is, to the extent that it conflicts with *Tanner,* supra, it will not be followed.