## 62953. HARTLINE v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted in seven counts for violation of the Georgia Controlled Substances Act, i.e., possession of (1) marijuana with intent to distribute, (2) methaqualone, (3) phentermine, (4) hydromorphine, (5) methamphetamine, (6) methyphenidate, and (7) diazepam. He was convicted on the first five counts after the court directed a verdict of not guilty as to Counts 6 and 7. As to Count 1 for the possession of marijuana with intent to distribute he received a sentence of 10 years; possession of methaqualone (Count 2), 10 years to run consecutively to Count 1; possession of phentermine (Count 3), five years to run consecutively to Counts 1 and 2; as to Count 4, possession of hydromorphine, 15 years to run consecutively to Counts 1, 2 and 3, and as to Count 5, possession of methamphetamine, 15 years to run consecutively to Count 4 and to Counts 1, 2 and 3.

However, the sentences in the last two counts were to be served on probation upon the conditions set forth. A motion for new trial was filed and denied, and defendant appeals. *Held:*

1. The state contends that a motion to dismiss the appeal was made in the lower court because of the failure to timely file the transcript of the evidence and proceedings. Our examination of the record fails to disclose a ruling on the motion to dismiss by the trial court. Accordingly, the motion to dismiss in this court is denied, and we proceed to consideration of the appeal.

2. The first enumeration of error contends it was error for the court to allow the state to present testimony, that is, (1) statements allegedly made by the defendant while in police custody and (2) reports from the Georgia State Crime Laboratory when the prosecution had failed to furnish the defendant with a copy of either the statements or the scientific reports at least 10 days prior to the trial of the case when a timely written demand for same had been made for the discovery of such statements and reports. After the issue had been joined the defendant presented a motion in limine in which the defendant asserted the above. This motion was denied but allowed the defendant the defense of a continuing objection to the introduction of evidence.

Photographs were allowed which the witness testified were an accurate and true representation of what he saw at the time that certain suspected contraband was seized. We find no objection to the use of the photographs in the pages of the transcript referred to in this enumeration of error nor do we find an objection to the photographs in the motion in limine which was denied, if, in fact, an objection would have been meritorious.

Code Ann. § 27-1302 (Ga. L. 1980, p. 1388) refers to statements made by the defendant while in police custody while Code Ann. § 27-1303 (Ga. L. 1980, p. 1388) refers to written scientific reports. Nothing in the statutes set forth above refers to photographs. Consequently, there is no merit in the objection as to the allowance of the photographs.

It appears from the briefs a scientific report of the crime laboratory as to the analysis of the drugs was provided to the defense on February 9, 1981, nine days prior to trial, occurring on February 18, 1981. It appears from the transcript that the trial court in denying defendant's motion in limine stated, "the Jury was struck on February 18, 1981, and the case was continued until February 23rd before the opening statements were made, and before any evidence was given." In reality the objection by defense counsel is to the testimony of the crime laboratory technician testifying as a witness as to his procedures during various tests made on the drugs, none of

which is part of the scientific report in which the defense seemingly contends it has the right to the data used by the forensic chemist in the drug analyses of the suspected contraband. We find nothing in Code Ann. § 27-1303, supra, which statute is in derogation of the common law and must be strictly construed, that would require the district attorney to supply the witness' work product going into the final written report containing the results with reference to the analyses of the drugs. *Hartley v. State,* 159 Ga. App. 157, 159 (2c) (282 SE2d 684); *Sears v. State,* 161 Ga. App. 515 (288 SE2d 757) (1982). See also *Blackmon v. State,* 158 Ga. App. 665, 666 (281 SE2d 634), wherein this court refers only to the written scientific reports, and the only sanction for non-production is the exclusion of the written reports from evidence. The state contends the report was provided to the defense in a timely manner and points out thereafter that even if it were considered to be not in technical compliance with the statute any error with reference to this report would be harmless in view of the witness' in-court testimony which constituted his professional opinion of the identification of the suspected contraband with reference to the various drugs analyzed by him. Further, defense counsel has not pointed out wherein the scientific report was allowed in evidence as an exhibit. Consequently, as the expert witness fully testified with reference to his analyses of the drugs, we find no reversible error here. Further, we find nothing in our recent whole court case of *Tanner v. State,* 160 Ga. App. 266 (287 SE2d 268) which would require a different ruling here.

3. Defendant's next enumeration of error is that the trial court erred in dismissing his motion to suppress evidence allegedly seized illegally without hearing any evidence. The evidence discloses that the law enforcement officers were in the process of serving an arrest warrant upon the defendant for failing to appear in municipal court of the City of Atlanta with reference to a housing violation. The warrant was served on the defendant at an address in the City of Atlanta located in DeKalb County. The defendant at that time identified himself as being the person the officers sought. At this time they asked for identification and he said he would have to get his driver's license for positive identification. The police officers followed him into his residence. One of the officers testified that after entering the residence with defendant and while examining a driver's license produced by the defendant, he observed in plain view a pile of "suspected marijuana, green leafy material, lying . . . on a paper plate." The officer then noticed "other piles of green leafy material, suspected marijuana," and other "drug paraphernalia, scales, plastic bags." The defendant was then handcuffed and placed under arrest along with two other suspects and narcotic detectives called. The trial

court did not err in dismissing the defendant's motion to suppress regardless of whether or not he heard evidence with respect thereto since the record discloses the marijuana was observed in plain view by the officers in entering the dwelling house for the purpose of allowing the defendant to obtain a jacket and produce identification.

Nor did the trial court err in failing to grant a directed verdict at the conclusion of the state's evidence based upon the contention that no legally obtained evidence had been presented which would authorize a conviction. No search was made until after the discovery of the marijuana in plain view.

The conviction here was based on more than circumstantial evidence, hence the rule with reference to rebutting every reasonable hypothesis save that of the guilt of the accused does not apply. The motion for directed verdict made upon this basis is also not meritorious.

4. When the case was called for trial one of the members of a law firm announced ready. However, when certain motions were being considered counsel announced that he was not ready to argue the motions as his partner had made the preparations and his partner was on the way to court, prepared to argue the motions and prepared to handle the trial. Counsel told the court that he was not adequately prepared to represent the client. Whereupon, the court required counsel who was present to proceed, and he did so under protest until his partner appeared and took over from him. Defendant now contends he was denied effective assistance of counsel at a critical stage of the proceedings in violation of his constitutional rights. By brief, counsel notes the motion to suppress was denied without a hearing. However, our consideration of this motion is shown above. We determined it was not meritorious under the circumstances. Thus, it does not matter whether counsel was effective or ineffective since the motion had no merit, regardless of whether it contained facts sufficient to meet the criteria of Code Ann. § 27-313 (Ga. L. 1966, pp. 567, 571). There is no merit in this complaint.

5. The next contention is that the court erred in refusing to grant a mistrial and in failing to conduct a voir dire of the jury on the allegation of improper remarks allegedly made in the presence of two jurors by prosecution witnesses, which was brought to the attention of the court. The state's witnesses, as well as the individual who had ostensibly overheard the conversation were brought into court and questioned outside the presence of the jury. The individual who had overheard the conversation was a prospective defense witness. He admitted he was not exactly certain what he had heard. The two state witnesses allegedly involved then testified they were discussing a television program known as "60 Minutes," which had nothing to do

with this trial. After consideration of the possibility of the jurors overhearing the conversation and that it did not involve the case sub judice the trial court did not err in denying the motion for mistrial.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED MARCH 10, 1982 —
REHEARING DENIED MARCH 30, 1982.

*Gary W. Turner,* for appellant.

*Robert E. Wilson, District Attorney, Ann Poe Mitchell, Assistant District Attorney,* for appellee.