## 64349. ASBELL v. THE STATE.

BIRDSONG, Judge.

Wynton Asbell appeals from his conviction of "Unlawfully have growing between 150 and 200 marijuana plants, a controlled substance, in violation of the Georgia Controlled Substances Act." *Held:*

1. We reverse. The appellant filed a motion pursuant to Code Ann. § 27-1303, demanding a copy of any and all scientific or laboratory reports to be used as evidence by the state. Code Ann. § 27-1303 requires this request to be complied with at least ten days prior to trial. The state failed to produce to appellant the crime lab analysis of the suspect plants until the morning of the trial. Appellant asked for a continuance and was denied one. At trial, the trial court excluded the actual report from evidence but permitted the crime lab expert to testify concerning his analysis of the plants. In *Tanner v. State,* 160 Ga. App. 266 (287 SE2d 268), we addressed the question whether the failure to comply with the code section operates to exclude testimony as to scientific tests as well as the actual report. We conclude that it does. The Supreme Court in *State v. Madigan,* 249 Ga. 571 (292 SE2d 406) approved *Tanner,* supra and held likewise.

The testimony of the crime lab expert in this case being the chief and conclusive proof that the suspect plants were marijuana, it is

highly probable that the error of the trial court in admitting this testimony contributed to the guilty verdict. *Johnson v. State,* 238 Ga. 59, 61 (230 SE2d 869); *Cauley v. State,* 130 Ga. App. 278 (203 SE2d 239).

2. There clearly was no error in the trial court's denial of appellant's motion to suppress the evidence of the seized marijuana plants, where the officers walked into an open (i. e., not locked) place of business and saw the plants in plain view. We find no error in the charge. The trial court's refusal to grant mistrial based on a remark made by a witness was not error; and this enumeration is mooted in any case because the conviction is reversed.

*Judgment reversed. McMurray, P. J., and Banke, J., concur.*

DECIDED SEPTEMBER 14, 1982.

*David E. Perry,* for appellant.
*David R. Hege, Solicitor,* for appellee.