## A89A0578. CAMPBELL v. THE STATE.
(381 SE2d 599)

DEEN, Presiding Judge.

Appellant Campbell and a co-defendant were tried on charges of violation of the Georgia Controlled Substances Act. At arraignment on August 17, 1987, appellant's counsel requested copies of a scientific report, pursuant to OCGA § 17-7-211. The State did not furnish the report until May 3, 1988. On May 12 the case was sounded for trial and a jury selected but not sworn. Campbell's counsel then called to the court's attention the fact that the report had been served only nine days prior to trial, in contravention of the 10-day requirement of OCGA § 17-7-211, supra. He declined to waive the one-day discrepancy. The district attorney then moved for a continuance, offering to pay for any costs incurred thereby. The trial court granted a one-day continuance, whereupon defense counsel requested that the case be stipulated as being tried on May 13 but actually be tried on May 12 (the current date), as a means of conserving time and money. The case was then tried, and the jury found the defendant guilty as charged. On appeal Campbell enumerates as error the admission of the testimony of a crime laboratory expert over defense counsel's objection that the laboratory report had not been furnished in a timely manner. *Held*:

By agreeing, after the trial court had granted the State's motion for a continuance, to stipulate that the case was tried on May 13 even though it was actually tried on May 12, defendant waived any objec-

tion that he might have had to service of the laboratory report on May 3. In *Todd v. State*, 163 Ga. App. 814 (294 SE2d 714) (1982), cert. denied, as in the instant case, the properly requested document was furnished less than 10 days before trial, and after the jury was selected but not yet sworn, and the trial court granted the State a continuance and offered to empanel a new jury. Defendant declined the offer but contended on appeal that the document should have been excluded from evidence. This court held that "by refusing the offer of another jury [to be empaneled for trial] more than ten days after receiving the [document,] defendant clearly waived any possible objection to the admission" of the challenged document on the basis of its not being in compliance with OCGA § 17-7-211. Id. at 816. Cf. *Asbell v. State*, 163 Ga. App. 514 (295 SE2d 182) (1982). Because the objection to the crime lab expert's testimony was based on the alleged inadmissibility of the laboratory report due to non-compliance with the cited Code section, appellant's enumeration of error is without merit. *State v. Madigan*, 249 Ga. 571, 573 (292 SE2d 406) (1982).

*Judgment affirmed. Birdsong, J., concurs. Benham, J., concurs specially.*

BENHAM, Judge, concurring specially.

Although I agree with the majority that appellant is not entitled to a new trial because of the admission of testimony of an expert whose report had not been provided 10 days before trial, I cannot agree that appellant waived his objection by agreeing to stipulate that the case was tried after the continuance, but actually trying the case on the day it was called.

As the majority noted, the State moved for and the trial court granted a continuance so that there would be 10 days between provision of the report to appellant and the commencement of trial. That is the remedy approved by this court in *Tanner v. State*, 160 Ga. App. 266 (1) (287 SE2d 268) (1981), and that is the reason why appellant is not entitled to a new trial.

The motion that appellant waived his objection to the State's failure to provide him with the scientific report within the statutory time limit is refuted by the record and does a disservice to an attorney who insisted on his client's rights but attempted to avoid causing undue trouble and expense for the county insofar as he could without compromising his client's interests. When the issue of the State's failure to comply with the discovery statute first arose, after the jury was selected but before it was sworn, defense counsel insisted that the only remedy was to exclude the testimony of the expert. When the trial court refused to give that relief and stated that it would postpone trial one day so that appellant would have the full 10 days afforded him by statute, appellant agreed to continue with the trial that

day only on condition that it be stipulated that the trial had been continued and was being tried that day as though it were the next. All of defense counsel's efforts in that regard were for the purpose of avoiding doing exactly what the majority asserts he did, waive his client's rights.

Later in the trial, at the conclusion of the expert's testimony, when defense counsel reminded the court that he still objected to the admission of the testimony, the trial court reassured counsel that his objection had been reserved, that the trial court would not "sandbag" him, that the record would be clear that the objection was made, and that "the District Attorney's office . . . would agree" that the objection was made. This court should not ignore the efforts of appellant's counsel to preserve the objection, and thereby undermine the trial court's authority by rendering nugatory its reassurances to the defense that its objections had been sufficiently made. The majority's decision provides a disincentive for counsel to attempt to cooperate with the court and thwarts efforts to achieve both judicial economy and justice. That is why I can concur only in the judgment of the majority's opinion and why I am compelled to explain the basis for my opinion that the judgment line is correct but the majority's rationale for reaching it is not.

DECIDED APRIL 24, 1989.

*C. Gregory Culverhouse*, for appellant.
*Darrell E. Wilson, District Attorney, Kim H. Swartz, Assistant District Attorney*, for appellee.