### 7266.   KENT *v.* THE STATE.

BROYLES, J.   1. Exceptions pendente lite can not be considered unless error is assigned thereon, either in the main bill of exceptions, or in the reviewing court by counsel for plaintiff in error before argument begins. *Shaw* v. *Jones*, 133 *Ga.* 446 (66 S. E. 240). Under the foregoing ruling, the judgment on the demurrer in this case can not be considered by this court.

(a) This rule applies where a direct bill of exceptions was brought to this court on a judgment overruling a demurrer to the indictment and where the writ of error was dismissed on the ground that a motion for a new trial in the case was pending in the lower court, and it was ordered that the official copy of the bill of exceptions of file in the office of the clerk of the trial court should operate as exceptions pendente lite, and where, in the new bill of exceptions brought to this court, error was not assigned in the main bill of exceptions on the exceptions pendente lite as allowed by this court, and no error was assigned thereon by counsel for plaintiff in error before the argument began.

2. The court did not err in sustaining the demurrer to the plea in abatement and in striking the plea, or in striking the challenge to the array.

3. Under section 3101 of the Civil Code of 1910, an ordinary of a county can legally charge $5, and no more, for his entire services in any lunacy case tried before him; and the court did not err in so charging in this case.

4. The court did not err in signing an order requiring the defendant, who

was ordinary of his county, to point out to the solicitor-general certain public records in the ordinary's office which were desired by the solicitor-general as evidence in the case, and which were material and relevant to the issue. *Russell* v. *State*, 57 *Ga.* 421. In that case a justice of the peace, who was being tried for malpractice in office, was required by the court to produce his docket and official papers in a certain case, to be used as evidence against him; and Chief Justice Warner, speaking for the Supreme Court, said: "There was no error in requiring the defendant to produce his official docket and the official papers. . . Requiring a defendant to produce his private papers, his private property, to be used as evidence against him, is one thing, but to require a public officer to produce the official records and papers in his office, the property of the public, to be used on the trial of a case in which his official conduct is involved, is another and quite a different thing in the eye of the law."

5. While, generally, certified copies of court records should be put in evidence, instead of the originals, yet under the particular facts of this case, as shown by the note of the trial judge, it was not error to allow certain original records of the ordinary's office, which were material and pertinent to the issue, to be introduced in evidence. The note of the trial judge was as follows: "All the original records called for in the notice to produce, and which were by the order of the court produced and admitted in evidence, were necessary to illustrate by their physical condition and arrangement the issue made by the charges in the indictment, which otherwise could not be shown. The original notice was never acted upon, nor was the order acted upon directed to the sheriff. But the books and records were produced upon the order issued upon application marked 'Ex. C.', requiring Wm. B. Kent, as ordinary, to point out and designate the records desired to Mr. Wooten as solicitor-general. Ground 16 approved, with the exception the original book and record thereof both showed apparently an alteration from J. M. Slaton to J. M. Brown. This the 8th day of January, 1916. [Signed] Walter W. Sheppard, Judge, Superior Court Atlantic Circuit, presiding."

6. There was no error in admitting in evidence certified copies of the records of the United States court.

7. A party can not raise a constitutional question in a case by placing a factitious or incorrect interpretation upon a law and basing the alleged unconstitutionality on the effect of such an interpretation. Whether a statute is or is not unconstitutional must be determined according to the construction placed upon it by the court that has final power to construe it. In all cases involving the construction of criminal laws in this State, except those in which the crime is punishable by death, the Court of Appeals is the final arbiter. The constitutional amendment creating this court requires certification of a constitutional question only when a decision of that question is necessary to the proper determination of the case; to certify a question based on a construction different from that adopted by this court and applied in the actual administration of the law would be to certify a question not necessary to the

proper determination of the case. *Tooke* v. *State,* 4 *Ga. App.* 495 (61 S. E. 917). Under this ruling, it is not necessary to certify to the Supreme Court any question arising in this case.

8. Section 295 of the Penal Code of 1910 is not invalid or unconstitutional for the alleged reason that it fails to provide a jury trial for one being tried for a violation of its provisions. A statute should be given a reasonable construction, and one that will make it effective, rather than one which would render it nugatory. It would not be a reasonable construction to hold that this section means that any ordinary merely "charged" with malpractice in office can be punished without being tried and convicted by a jury. Moreover, the original act from which this section was codified provided specifically that before one could be punished under the act, he must be tried and convicted by a petit jury. This act appeared as section 4391 in the Code of 1863. It was amended by the act of February 23, 1866 (Acts of 1865-6, p. 233), and, as amended, was put into the Code of 1868. It was again amended in 1873 (Acts of 1873, p. 23), and appeared as sections 4504 and 4505 respectively in the codes of 1873 and 1882. In all of these codes the provision as to a jury trial was retained. This provision was, without any authority, omitted from the codes of 1895 and 1910. It is well settled that where code sections are incomplete or ambiguous, they must be considered in connection with the original acts. *Smith* v. *Evans,* 125 *Ga.* 109 (53 S. E. 589), and cases there cited.

(*x*) Nor is this section of the code invalid for uncertainty, for the alleged reason that the offense of malpractice in office is not sufficiently defined therein, or that the clause, "or with any other conduct unbecoming the character of an upright magistrate," is too indefinite and uncertain to denominate an offense.

9. The contention of the plaintiff in error that that part of the sentence of the court which imposes the penalty of removal from office is in violation of those clauses of the constitution which provide for the impeachment of officers by the legislature only is without merit. The constitutional method and the legislative method of removing county and State officials from office are merely cumulative, and not conflicting. *State ex rel. Lennard* v. *Frazier,* 48 *Ga.* 137; *Gray* v. *McLendon,* 134 *Ga.* 224 (6), 244 (67 S. E. 859).

10. There was no error, either in the charge or in the rulings of the court, which requires the grant of a new trial; the evidence authorized the verdict, and the court did not err in overruling the motion for a new trial.

11. The court did not err in overruling the motion in arrest of judgment, but that part of the sentence of the court which sentenced the defendant to "hard labor" on the chain-gang was irregular, as he was convicted of a misdemeanor only, and, under section 1065 of the Penal Code, punishment at "hard labor" is not provided for such an offense. The court is directed to so remold its judgment as to make it conform to the law.

*Judgment affirmed, with direction. Russell, C. J., dissents.*

Decided April 25, 1916. Rehearing denied May 26, 1916.

Indictment for malpractice in office; from Wheeler superior court—Judge Sheppard presiding. January 8, 1916.

*O. M. Duke, J. T. Moore,* for plaintiff in error.

*W. A. Wooten, solicitor-general, W. S..Mann,* contra.