54176. THE STATE v. PATTERSON.

BIRDSONG, Judge.

The state appeals the grant of defendant's motion to suppress certain evidence. The court granted the motion in accordance with principles enunciated in Connally v. Georgia, — U. S. — (97 SC 546, 50 LE2d 444) (1977), wherein the United States Supreme Court held that the issuance of a search warrant by a justice of the peace

effected a violation of the protections afforded by the Fourth and Fourteenth Amendments of the United States Constitution. The state asserts that the court erred in applying the Connally decision retroactively. *Held:*

Reversed. The retroactive application of the exclusionary rule has engendered much controversy. Where, however, concededly relevant evidence would be excluded in order to enforce a constitutional guarantee unrelated to the fact-finding process, the United States Supreme Court has consistently held that any such new constitutional principle would be accorded only prospective application. United States v. Peltier, 422 U. S. 531 (95 SC 2313, 45 LE2d 374) (1975) and cits. The analysis of the retroactivity cases has focused on the purposes served by the exclusionary rule, which, being remedial in nature, has been restricted in its application "to those areas where its remedial objectives are thought most efficaciously served." United States v. Calandra, 414 U. S. 338, 348 (94 SC 613, 38 LE2d 561) (1974). Thus, in Michigan v. Tucker, 417 U. S. 433, 447 (94 SC 2357, 41 LE2d 182) (1974), the United States Supreme Court stated: "The deterrent purpose of the exclusionary rule necessarily assumes that the police have engaged in wilful, or at the very least negligent, conduct which has deprived the defendant of some right. By refusing to admit evidence gained as a result of such conduct, the courts hope to instill in those particular investigating officers, or in their future counterparts, a greater degree of care toward the rights of an accused. Where the official action was pursued in complete good faith, however, the deterrence rationale loses much of its force."

Neither is the "imperative of judicial integrity" offended by the introduction into evidence of material seized by law enforcement officers acting reasonably and in good faith that such evidence was obtained in accordance with constitutional norms prevailing at the time of seizure. As the United States Supreme Court stated, in United States v. Peltier, supra: "[T]he 'imperative of judicial integrity' is also not offended if law enforcement officials reasonably believed in good faith that their *conduct* was in accordance with the law even if decisions subsequent to the search or seizure have held

that conduct of the type engaged in by law enforcement officials is not permitted by the Constitution." Id. p. 537.

Here the evidence established that the Gwinnett County Justice of the Peace issued the warrant in complete good faith, in accordance with the law of Georgia, with no knowledge of the possible unconstitutionality of his actions. Accordingly, we hold that the court erred in applying the Connally decision retroactively.

*Judgment reversed. Deen, P. J., and Webb, J., concur.*

SUBMITTED JULY 6, 1977 — DECIDED SEPTEMBER 8, 1977.

*Bryant Huff, District Attorney, Dawson Jackson, Assistant District Attorney,* for appellant.
*John F. Lester,* for appellee.