54361. LEWIS et al. v. THE STATE.

McMURRAY, Judge.
Defendants appeal their conviction of violating the Georgia Controlled Substances Act. *Held:*
1. The marijuana found in the possession of the defendants was discovered during the execution of a search warrant issued by a justice of the peace. It was stipulated that the issuing justice of the peace received no salary and that his only compensation is from court cost including the fee provided for the issuance of search warrants under Code § 24-1601 (since amended and superseded by Ga. L. 1977, pp. 196, 197, effective February 25, 1977).
The search warrant in this case was issued and executed prior to the decision in Connally v. Georgia, 429 U. S. 245 (97 SC 546, 50 LE2d 444), which held that a judicial officer who receives compensation for issuance of a warrant but receives no compensation if no warrant is issued is not a neutral and detached magistrate. Before arraignment and trial the defendants herein filed their amended motion for suppression of evidence seeking the application of the decision in Connally, supra. The trial court conducted a hearing thereon and denied the original

motion to suppress, together with the amendment, thereby declining to apply Connally since this would entail a retroactive application. This issue has been decided adversely to the defendants. *State v. Patterson,* 143 Ga. App. 225 (237 SE2d 707); *State v. Strickland,* 144 Ga. App. 128. See also United States v. Peltier, 422 U. S. 531 (95 SC 2313, 45 LE2d 374) and cits.

2. The search warrant was issued solely on the basis of the affidavit, and no further evidence was presented before the justice of the peace. Defendants contend that the affidavit was insufficient to meet the multi-pronged test of Aguilar v. Texas, 378 U. S. 108 (84 SC 1509, 12 LE2d 723), and Spinelli v. United States, 393 U. S. 410 (89 SC 584, 21 LE2d 637). Also see *State v. Bradley,* 138 Ga. App. 800, 801 (1) (227 SE2d 776). The affidavit demonstrates the reliability of the unidentified informant by its statement that this informant had previously provided information resulting in two arrests. The affidavit also provided the justice of the peace with the knowledge that the informant had personally seen the marijuana in the defendants' apartment within the preceding 48 hours. The affidavit in this case was sufficient to establish probable cause for the issuance of a search warrant.

3. The defendants contend that the search warrant was obtained by statements in the affidavit intended to deceive the issuing justice of the peace. The language complained of is the use of the plural pronoun "they" in conjunction with the singular noun "informer." Testimony was given at the motion to suppress hearing that the grammatical error had been intentionally injected into the affidavit in order to protect the identity of the informant by concealing the sex of that individual. This was not comparable to ascribing to the informant statements which had not been made to the law enforcement officer as in *Wood v. State,* 118 Ga. App. 477, 478 (164 SE2d 233). (The motion to suppress therein was denied on another basis.) A common sense reading of the entire affidavit reveals that despite the use of the plural pronoun "they," the information was received from a single informer. The courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical rather than a common sense manner. United States v.

Ventresca, 380 U. S. 102, 109 (85 SC 741, 13 LE2d 684).

4. Defendants complain that the name of the prosecutor is not endorsed upon the indictment as required by Code § 27-2805, but that the name of another person is there endorsed. This requirement does not involve any right and privileges of the defendants but only affects the prosecutor who must pay costs upon the acquittal or discharge of the person accused when the grand jury, by their foreman, on returning a "no bill" express it as their opinion that the prosecution was unfounded or malicious; or when a trial jury finds the prosecution to be malicious; or when the prosecution is abandoned before trial. Any error here would not be harmful to defendants.

*Judgment affirmed. Bell, C. J., and Smith, J., concur.*

SUBMITTED SEPTEMBER 19, 1977 — DECIDED
JANUARY 30, 1978 — REHEARING
DENIED FEBRUARY 20, 1978.

*Nixon & Nixon, John P. Nixon,* for appellants.
*Stephen Pace, Jr., District Attorney, Miriam D. Wansley, Assistant District Attorney,* for appellee.