*Wayne B. Bradley,* for appellee.

## 63356. DEMPSEY v. THE STATE.

McMURRAY, Presiding Judge.

Defendant was indicted, tried and convicted of the offense of aggravated assault with the use of a pistol by shooting his alleged common-law wife. Defendant was sentenced to serve a term of 10 years. His motion for new trial was filed, heard and denied. Defendant appeals. *Held:*

1. The motion to dismiss the appeal is denied.

2. Defendant's first three enumerations of error involve the failure of the trial court to instruct the jury with reference to three written requests to charge. The state contends that no exception was made when the defendant was given a suitable opportunity to object to the charge and the defendant did not reserve the right to object on appeal, citing *White v. State,* 243 Ga. 250 (253 SE2d 694) and *Gaither v. State,* 234 Ga. 465 (216 SE2d 324). Upon completion of the court's charge the trial court inquired if there were any exceptions from the state and the assistant district attorney responded: "None, Your Honor." The trial court then inquired if there were any from the defense. The defense counsel's only response was: "Your Honor, I respectfully except to the Court's failure to charge on the defense of accident. I realize there was no request to charge filed on that, but I except to that."

The most recent Supreme Court decision with reference to this question is found in *White v. State,* 243 Ga. 250, 251, supra. There, the Supreme Court held that in a criminal case a defendant waives his right to enumerate error "by failing to respond to the court's inquiry on any objections to the charge," and overruled *Sims v. State,* 234 Ga. 177 (214 SE2d 902), a decision on this point. The Supreme Court in *White v. State,* 243 Ga. 250, 251, supra, citing *Gaither v. State,* 234 Ga. 465, 466, supra, held that "[w]here the trial court inquires whether there was objection and the defendant's counsel states that he reserves the right to object in his motion for new trial or appeal, there is no waiver." Defendant's counsel simply cannot ignore the court's inquiry, else he waives his right to future objection. Here, the defendant had made certain written requests which were not given and under the above cases his reply should have been that he expressly objects to the failure to charge his particular written requests or that he reserves his right to a future objection to the charge in his motion for new trial or appeal.

However, we have examined the three enumerations of error with reference to the written requests as to self-defense, the credibility of witnesses and justification. All of the requests were covered in the general charge by the court and the trial court did not err in failing to use the language of these written requests, assuming arguendo that such written requests were required to be considered under the status of the case on appeal.

3. We next consider an alleged error in which the trial court refused to grant a motion for mistrial. On the re-examination of a state witness with reference to an exhibit, a certain pistol, and that the pistol was the property of the victim, the assistant district attorney asked the witness to tell when and where the defendant made the statement that it was the victim's gun. The answer was, "at the first trial, the first court." Whereupon, counsel for defendant asked to approach the bench. A conference was held at the bench out of the hearing of the jury, wherein defense counsel moved for a mistrial, "based upon the statement of the witness on the stand, with reference to the previous trial." The court then observed that it would overrule the motion for mistrial. The assistant district attorney suggested that the court might want to instruct the jury to disregard it, "if it is prejudicial," although he did not feel that it was. The court then inferred that he would probably instruct the jury to disregard the last remark by the witness, but felt that any other comment would be putting emphasis upon the answer of the witness. Counsel for defendant then stated: "I agree with the Court. I believe the harm has been done and nothing the Court would do could correct that." The court then instructed the jury that the last remark made by the witness was to be "stricken from the record and is not to be considered by you in any fashion whatsoever in reaching a verdict in this case." Generally, under Code § 81-1009 when counsel in the hearing of the jury make statements of prejudicial matters which are not in evidence, it is the duty of the court to interpose and prevent same and on objection to rebuke counsel and by all needful and proper instructions to the jury endeavor to remove the improper impression from their minds, or in its discretion immediately order a mistrial. Usually, when a police officer injects testimony which he knows will be harmful and prejudicial the witness should be rebuked. However, counsel has made no further request for further needful and proper instructions here and agreed with the court that it should not be emphasized. Accordingly, we find no error where the trial court exercised its discretion in instructing the jury to disregard the remark without further emphasis upon same. There is no merit in this complaint.

4. Errors were also enumerated to the allowance in evidence

over objection of a bullet allegedly taken from the body of the victim, a pocketbook allegedly carried by the victim on the evening of such altercation and the pants worn by the victim on the basis that such items had been contaminated and tainted by continued possession in the hands of "non-police officers and non-impartial witnesses" and remaining in the custody of the alleged victim and her family for months succeeding the alleged incident. The chain of custody of the bullet removed from the victim and its identity, as well as the other items, were sufficient to establish the reasonable assurance of their proper identity. Where chain of custody is involved the identity of the evidence need not be proved beyond all possibility of doubt, or that all possibility of tampering with them be excluded. The circumstances need only establish a reasonable assurance of the identity. See *Patterson v. State,* 224 Ga. 197, 199 (2) (160 SE2d 815); *Davis v. State,* 135 Ga. App. 203, 204 (1) (217 SE2d 343). The other items admitted into evidence required no strict chain of custody. See *Norwood v. State,* 238 Ga. 199 (2) (232 SE2d 70). After these items were identified they were admissible. When the admissibility of such evidence is in doubt, its weight, credit and effect are to be determined by the jury. See *Goodman v. State,* 122 Ga. 111, 118 (49 SE 922). These enumerated errors are not meritorious.

5. The remaining enumeration of error we now consider is that the evidence was insufficient and the verdict of guilty was strongly and decidedly against the weight of the evidence. We have examined the record and transcript and have found no errors prejudicial to defendant's rights. We find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of aggravated assault. See *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Sanders v. State,* 246 Ga. 42 (1) (268 SE2d 628).

*Judgment affirmed. Banke and Birdsong, JJ., concur.*

DECIDED MAY 19, 1982.

*C. Ronald Patton,* for appellant.
*F. Larry Salmon, District Attorney, William H. Boggs, Assistant District Attorney,* for appellee.