## 38348. THE STATE v. MADIGAN.

HILL, Presiding Justice.

The defendant was indicted on June 3, 1980, for the aggravated assault and armed robbery of 76-year-old Lora Carden. On June 9, 1980, ten days before trial, he filed a Motion Pursuant to Brady v. Maryland and a Notice to Produce under Code Ann. § 38-801 (g) requesting that the state furnish him with five categories of materials, including: "(2) Results of any scientific tests, experiments or studies made in connection with the . . . case and copies of all such reports. . . ." He requested that these be furnished to him "sufficiently in advance of trial to give the defendant a reasonable opportunity to prepare a proper defense."

At the time of the defendant's request, the state had in its possession a hospital emergency room report specifying the victim's injuries and treatment, and a State Crime Laboratory report identifying the blood found on the suspected assault weapon (a hammer) and on the defendant's socks as consistent with the victim's blood type. The state furnished the defendant a copy of the State Crime Laboratory report on June 17, 1980, but did not provide him with a copy of the emergency room report.

The case was called for trial on June 19, 1980, and the defendant moved to suppress both reports because he had not received copies at least 10 days prior to trial as required by Code Ann. § 27-1303 (a).[1]

---

[1] Code Ann. § 27-1303 (Ga. L. 1980, p. 1388) provides: "(a) In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be

The trial court suppressed both reports for failure to comply with the statute, but the state was permitted at trial to introduce testimony from the State Crime Laboratory forensic serologist and the victim's physician as to the substance of the reports. The defendant was subsequently convicted of the offenses charged.

The Court of Appeals reversed. *Madigan v. State,* 160 Ga. App. 656 (288 SE2d 34) (1981). We granted certiorari.

1. The Court of Appeals held that it was error to allow the forensic serologist and the physician to testify as to the substance of their reports and, quoting from *Tanner v. State,* 160 Ga. App. 266, 268 (287 SE2d 268) (1981), said: "To allow such a result would render unenforceable a criminal defendant's statutory right to pretrial discovery of certain documents the state intended to use against him at trial, for the state might simply refuse to comply with a defendant's demand for a copy of such documents and rely upon the person who took the in-custody statement or made the scientific report to offer testimony at trial which would place the substance of the 'undiscovered' documents into evidence or, as here, use the documents to refresh his memory and then offer testimony as to their substance. The statutory remedy for the state's failure to furnish a defendant with a copy of any written scientific report when a proper and timely demand has been made therefor is the exclusion and suppression of such reports from evidence in the state's case-in-chief or in rebuttal. The state should not be allowed to do indirectly that which it is prohibited from doing directly."

Scientific reports generally are not admissible in evidence as such. A properly qualified witness may be allowed to testify as to the

---

introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal. This request for a copy of any written scientific reports shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. It shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial if such written request is not made at arraignment. If the scientific report is in the possession of or available to the district attorney, he must comply with this section at least 10 days prior to the trial of the case.

"(b) Failure by the prosecution to furnish the defendant with a copy of any written scientific report when a proper and timely written demand has been made by the defendant shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal.

"(c) Written scientific reports shall include but not be limited to: reports from the Georgia State Crime Laboratory; autopsy reports by the coroner of a county or a private pathologist; blood alcohol test results done by a law enforcement agency or a private physician; and similar type reports that would be used as scientific evidence by the prosecution in its case-in-chief or in rebuttal against the defendant."

results of scientific examinations or experiments conducted by that witness. After the witness has testified as to the result of the scientific examination or experiment, there is no need to introduce the report itself. Nevertheless, such reports frequently are introduced after the examiner has testified, at which point the content of the otherwise inadmissible scientific report becomes cumulative of the properly admitted testimony of the witness.

Because scientific reports generally are not admissible in evidence as such and because the testimony of the witness who prepared the report is generally required whether or not the report itself is admitted into evidence, the exclusionary sanction of Code Ann. § 27-1303 (b) would be meaningless if the scientific reports were excluded but the examiners' testimony admitted.

We therefore affirm the ruling of the Court of Appeals that where a defendant in a criminal case makes a proper and timely written demand for scientific reports and the prosecution fails to timely furnish the defendant with a copy of any written scientific report in the possession of or available to the district attorney, the testimony of the person who prepared the report is not admissible in evidence on objection by the defendant. Although the statute itself does not expressly require exclusion of such testimony, the statute would be meaningless otherwise and we will undertake to implement the statute as written and as intended, rather than to render it meaningless. *Ford Motor Co. v. Abercrombie,* 207 Ga. 464 (1) (62 SE2d 209) (1950); *Kent v. State,* 18 Ga. App. 30 (88 SE 913) (1916); *Wellmaker v. Terrell,* 3 Ga. App. 791 (1a) (60 SE 464) (1907); Code Ann. § 102-102 (9).

2. We come next to the question of whether the defendant made a proper request for production of scientific reports under Code Ann. § 27-1303 (a).

A Brady motion (373 U. S. 83 (83 SC 1194, 10 LE2d 215) (1963)) calls for production of exculpatory evidence, not inculpatory evidence. Hence inculpatory scientific reports are not reached by a Brady motion. A notice to produce under Code § 38-801 (g) calls, in criminal cases, for production of physical evidence at trial or a hearing. Code Ann. § 38-801. Hence, a notice to produce does not require production 10 days before trial.

In *State v. Meminger,* 249 Ga. 561 (—— SE2d ——) (1982), we ruled that: "A pleading to constitute a request for discovery under § 27-1303 should give the state reasonable notice that the defense desires the disclosure of all available scientific reports no later than ten days before trial; this notice would be adequate if the defense specifically refers to § 27-1303, or if it makes clear that scientific reports, whether inculpatory or exculpatory, should be furnished

prior to the ten-day limit." *State v. Meminger,* supra, 249 Ga. at 563.

Neither the Brady motion nor the notice to produce under Code Ann. § 38-801 (g) which were filed by the defendant here refer to § 27-1303 or demand production at least 10 days prior to trial. Instead, they make only the nebulous request that copies of scientific reports be provided "sufficiently in advance of trial to give the defendant a reasonable opportunity to prepare a proper defense." The defendant filed his Brady motion and notice to produce 10 days before trial, making it impossible for the state to produce the reports at least 10 days before trial. We therefore conclude under *State v. Meminger,* supra, that the defendant was not entitled to the reports at least 10 days prior to trial.[2] Because the reports themselves were not subject to suppression under § 27-1303, it follows that the trial court did not err in admitting testimony as to their substance. The Court of Appeals' decision must therefore be reversed.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 22, 1982 —
REHEARING DENIED JUNE 29, 1982.

*Johnnie L. Caldwell, Jr., District Attorney, Paschal A. English, Jr., Assistant District Attorney,* for appellant.

*Benjamin H. Oehlert III, Assistant District Attorney,* amicus curiae.

*Andrew J. Whalen III,* for appellee.

---

[2] Code Ann. § 27-1303 (c) defines "scientific reports." The element common to crime lab reports (e.g., fingerprint, ballistics and handwriting comparisons; hair analysis and comparisons; blood analysis), autopsy reports and blood alcohol test results appears to be that each includes the examiner's findings based on scientific analysis or his or her opinion. Here the doctor testified as to the victim's injuries (three lacerations to the head, multiple abrasions about the face, contusions at the base of the neck and over the right rib cage, and abrasions and contusions on the left leg and foot) and his treatment of those injuries (26 sutures). There is some question as to whether this report, although in medical terminology, listing the victim's injuries and the medical procedures performed, is a "scientific report" under Code Ann. § 27-1303 (c). We need not decide this issue, however, due to our holding that defendant's requests for production did not invoke the exclusionary remedy of § 27-1303 (b).