38316. THE STATE v. MEMINGER.

JORDAN, Chief Justice.
This case concerns the applicability of Code Ann. § 27-1303.
The defendant was convicted of armed robbery in Laurens County Superior Court and given a life sentence.
Meminger's case was set for trial during the week of May 5, 1980.

On Friday, April 25, 1980, Meminger filed two discovery motions: one pursuant to Brady v. Maryland and a notice to produce pursuant to Code Ann. § 38-801. In the motions, Meminger requested to have disclosed and produced all results, reports, summaries, etc. of all forensic, scientific or other tests or examinations of any tangible items relating to the case. On Tuesday, April 29, 1980, Meminger was served with copies of the scientific reports, and on May 1, 1980, he was arraigned.

At trial, the state sought to introduce testimony regarding these reports, and the defense objected contending that § 27-1303 precluded such testimony as Meminger had filed his requests for discovery prior to arraignment and as the state failed to furnish him copies of these reports ten days prior to trial.

The trial judge overruled the objection to the testimony, but on appeal, the Court of Appeals reversed the conviction ruling that as a result of the state's failure to comply with a "timely written request" under § 27-1303, the scientific reports and the testimony thereon must be excluded, and that, in this case, the failure to exclude was prejudicial error. *Meminger v. State,* 160 Ga. App. 509 (287 SE2d 296) (1981). The state appeals. We granted certiorari and reverse.

1. We first address the question of whether either the Brady motion or the motion to produce constitutes a "written request" for the purposes of Code Ann. § 27-1303 (a).

Code Ann. § 27-1303[1] allows, for the first time, the pre-trial discovery in criminal cases of scientific reports, whether *inculpatory* or *exculpatory,* which the state intends to use in prosecution of the case-in-chief or in rebuttal. It mandates the production of those items at least 10 days prior to trial following a timely written demand.

Neither the Brady motion filed in this case requiring *exculpatory* matter to be furnished, nor the notice to produce under Code Ann. § 38-801 (g), mentioned Code Ann. § 27-1303 or in any other way informed the state that the defense was proceeding upon or

---

[1] § 27-1303 (a) reads as follows: "In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal. This request for a copy of any written scientific reports shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. It shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial if such written request is not made at arraignment. If the scientific report is in the possession of or available to the district attorney, he must comply with this section at least 10 days prior to the trial of the case." (Ga. L. 1980, p. 1388).

relying upon the provisions of this discovery procedure.

A pleading to constitute a request for discovery under § 27-1303 should give the state reasonable notice that the defense desires the disclosure of all available scientific reports no later than ten days before trial; this notice would be adequate if the defense specifically refers to § 27-1303, or if it makes clear that scientific reports, whether inculpatory or exculpatory, should be furnished prior to the ten-day limit.

However, the state admits that it treated the *Brady Motion* as a request for scientific reports pursuant to § 27-1303, and that, consequently, it provided the scientific reports to the defendant.

This action moves us to reach the crux of the problem in this case, i.e., what constitutes a "timely written demand" by the defense.

2. Code Ann. § 27-1303 provides that if a timely written demand has been made and if the report is available to the district attorney, then he must furnish the report or reports to the defense at least ten days prior to the trial of the case.

In regard to when a report is "timely" § 27-1303 (a) provides: "This request for a copy of any written scientific reports shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. It shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial if such written request is not made at arraignment."

The "spirit and reason" of this statute is to provide for discovery of scientific reports in criminal cases, an opportunity which until the enactment of this statute had been withheld from criminal defendants. (Some reports could previously have been discovered under the authority of Brady v. Maryland). This discovery statute was obviously designed to implement, not to impede, the fair and speedy determination of cases. Code Ann. § 27-1303 highlights this purpose by calling for the scientific reports to be provided the defendant at least ten days prior to the trial of the case.

The construction of the statute urged by Meminger, i.e., that a request made "at arraignment" is timely, and that consequently, any request preceding arraignment is timely, allows for absurd and contradictory results in the application of the statute.

For instance, if arraignment occurs five days before trial, there is obviously no way the prosecution may meet its burden of complying with the request at least ten days before trial. Under a literal interpretation of the statute, the prosecution would then be faced with the choice of either proceeding to trial with inadequate evidence or moving for a continuance and delaying the trial. This result could

occur even if the defense knew far in advance of ten days before trial that it needed to request discovery pursuant to § 27-1303.

In the light of the potentially absurd and contradictory results and of the opportunity for delay which could occur under the reading of the statute suggested by Meminger, we decline to follow such an interpretation.

We believe a correct interpretation involves looking to the statute as a whole. Specifically, the burden the statute places on the prosecution to provide the scientific reports to the defense sometime prior to ten days before trial can reasonably be viewed to modify the "at arraignment" or "any reasonable time prior to trial" language. This means that for a request to be timely, whether it is made "at arraignment" or at some other time, it must precede the tenth day before the trial of the case. Otherwise, it would be impossible for the state to comply with the statute.

In *Blanchard v. State,* 247 Ga. 415, 419 (276 SE2d 593) (1981), we reached a similar result using similar reasoning when construing Code Ann. § 27-1302, the companion statute to § 27-1303. In that case, we held that the "any reasonable period of time prior to trial language" of § 27-1302 "obviously must precede the period of ten days prior to trial." *Blanchard v. State,* supra, p. 419. The holding that a request must be made sometime prior to ten days before trial to be timely decreases chances for delay under the statute, furthers the purpose of the statute, and resolves some of the discrepancies which could lead to absurd and contradictory results.

In this case, Meminger was arrested on January 25, 1980, and indicted on January 30, 1980. Trial was set for May 5, 1980. On April 25, 1980, ten days prior to trial, counsel for Meminger, who had represented him since shortly after his arrest in January 1980, filed his request for discovery. The reports were provided by the prosecution six days prior to trial.

Under the above construction, such a request is not timely and does not mandate that the state meet the ten-day deadline. As the defense did not file a timely request, it was not error for the trial court to admit the testimony regarding the scientific reports.

*Judgment reversed. All the Justices concur.*

DECIDED JUNE 22, 1982.

*Beverly B. Hayes, District Attorney, H. Jeff Lanier, Assistant District Attorney,* for appellant.

*Tony H. Hight, Charles T. Shean III, Drew Tanney,* amicus curiae.

*Richard T. Taylor,* for appellee.