39818. LAW v. THE STATE.
39832. WHITFIELD v. THE STATE.

GREGORY, Justice.

Eddie Law, Jake Whitfield and two others were convicted in Decatur Superior Court of the offense of possession of cocaine, a controlled substance. Law and Whitfield each appealed to the Court of Appeals. The judgment of the trial court was affirmed in a single opinion which addressed both appeals. *Law v. State,* 165 Ga. App. 687 (302 SE2d 570) (1983). We granted certiorari to consider Division 3 of the opinion of the Court of Appeals. That division construes a Code section governing discovery of scientific reports. OCGA § 17-7-211 (Code Ann. § 27-1303). We affirm, but construe the Code section in a different way.

OCGA § 17-7-211 (Code Ann. § 27-1303) originated as part of a statute which affords discovery to a defendant of (1) statements given by the defendant while in custody and (2) written scientific reports to

be introduced against the defendant in whole or in part by the State at trial. Ga. Laws 1980, p. 1388. The statute defines "written scientific reports," makes them discoverable, and provides a procedure for the defendant and the State to follow in conducting discovery. The procedure requires the defendant to file a written request for the report, "at arraignment or within any reasonable time prior to trial." The prosecuting attorney must furnish the defendant a copy of the report at least ten days prior to trial. Failure to comply with a "timely written demand" results in the report being excluded from evidence in the State's case against the defendant. In the case at hand the request was made less than ten days prior to trial, raising the issue whether the request was timely. The report was oral, not written, raising the issue whether or not the statute applies to an oral report.

The defendants were arrested in a motel room in Decatur County on October 9, 1981. A powdery substance was seized which the sheriff's deputies believed to be cocaine. It was transported to the State Crime Laboratory in Moultrie and later to the laboratory in Atlanta. The defendants were indicted on November 2, 1981, arraigned November 6, 1981 and tried November 11, 1981. At arraignment on November 6, the defendants made written requests or demands for scientific reports. No reports were furnished. At trial an expert from the Atlanta Crime Laboratory was called by the State as a witness for the purpose of identifying the substance seized by the deputies. He testified that he had only received the case on November 3. At that time the district attorney requested a rush job because of the forthcoming trial. The witness then moved the case ahead of its normal sequence and tested the substance on November 9, two days before trial. Because of the brief time interval, no written report was prepared. The witness also testified that another expert examined the substance on behalf of the defendants on the same day as did the witness. The defendants' expert did not testify at trial. Defendants moved to suppress the testimony of the State's expert witness identifying the substance as cocaine because no copy of a report on the laboratory analysis had been furnished. The trial court overruled the objection and the two issues we now address were created.

(1) We deal first with the issue of the timeliness of the request. For the convenience of the reader we set out OCGA § 17-7-211 (Code Ann. § 27-1303) in its entirety:

"(a) As used in this Code section, the term 'written scientific reports' includes, but is not limited to, reports from the Division of Forensic Sciences of the Georgia Bureau of Investigation; autopsy report by the coroner of a county or by a private pathologist; blood alcohol test results done by a law enforcement agency or a private physician; and similar type reports that would be used as scientific

evidence by the prosecution in its case-in-chief or in rebuttal against the defendant.

"(b) In all criminal trials, felony and misdemeanor, the defendant shall be entitled to have a complete copy of any written scientific reports in the possession of the prosecution which will be introduced in whole or in part against the defendant by the prosecution in its case-in-chief or in rebuttal. The request for a copy of any written scientific reports shall be made by the defendant in writing at arraignment or within any reasonable time prior to trial. If such written request is not made at arraignment, it shall be within the sound discretion of the trial judge to determine in each case what constitutes a reasonable time prior to trial. If the scientific report is in the possession of or available to the prosecuting attorney, he must comply with this Code section at least ten days prior to the trial of the case.

"(c) Failure by the prosecution to furnish the defendant with a copy of any written scientific report, when a proper and timely written demand has been made by the defendant, shall result in such report being excluded and suppressed from evidence in the prosecution's case-in-chief or in rebuttal."

The code section has two objectives apparent from its plain language. First, it makes certain reports subject to discovery by a defendant in a criminal case. Second, it provides a procedure to be followed. To accomplish the first objective, the reports are described by their nature and function. Then, two limitations are applied. Not every described report is discoverable, but only those (1) in the possession of or available to the prosecution (2) which will be introduced against the defendant. As to the second objective, the procedure, the time frames and mechanics of conducting the discovery are provided. The defendant initiates discovery by filing a written request for the report. He does this at arraignment or within any reasonable time prior to trial. What is reasonable is in the sound discretion of the trial judge. If the request is timely made, defendant is then given at least ten days access to the report before trial, in order to prepare. That is, a copy of the report must be furnished by the prosecuting attorney at least ten days prior to trial. Nothing in the statute indicates the report becomes non-discoverable solely because a request is untimely. Obviously, the ten day time period may be reduced if ten days are not available either because the defendant delays the request, or because indictment or arraignment occur within ten days of trial. The defendant is nonetheless entitled to production within such time as is reasonable. If the prosecuting attorney furnishes a copy but not in the time frame specified, there is nothing in the statute to require exclusion of the document from

evidence. Perhaps late furnishing of a copy will mean the defendant is entitled to a continuance or recess of the trial as the trial judge may determine. The only circumstance making the exclusionary rule applicable is the failure of the prosecuting attorney to afford discovery at all. OCGA § 17-7-211(c) (Code Ann. § 27-1303). Therefore, we construe the code section to provide for discovery of specific reports. The penalty the State suffers for failure to furnish a copy of a report is the exclusion of that report from evidence. The defendant is entitled to have the document at least ten days prior to trial. If ten days are not available, the defendant is entitled to the document within a reasonable time and may be entitled to a continuance or recess as the trial judge shall determine. Only where the prosecuting attorney fails altogether to furnish the document does the exclusionary rule apply.

In this case, only nine days intervened between indictment and trial, and only five days from arraignment to trial. The request was filed at arraignment. Even if a written report had existed, a copy could not have been furnished at least ten days before trial. But, it would have been necessary to furnish a copy within a reasonable time under the circumstances. Perhaps then the question of a continuance or recess would have been presented. Only if no copy at all had been furnished by the district attorney would the exclusionary rule have applied. Any contrary construction of this statute in *State v. Meminger,* 249 Ga. 561 (292 SE2d 681) (1982) or *State v. Madigan,* 249 Ga. 571 (292 SE2d 406) (1982) will not be followed.

(2) OCGA § 17-7-211 (Code Ann. § 27-1303) applies to *"written* scientific reports." (Emphasis supplied.) We agree with the Court of Appeals that if there is no writing, there is nothing to which the statute attaches. Had the legislature intended to deal with oral reports it could have done so in the same fashion as it did in dealing with discovery of oral statements given by a defendant while in custody. See, OCGA § 17-7-210 (Code Ann. § 27-1302). If the defendant's statement is oral, the prosecution must reduce to writing and furnish any portion to the defendant which is to be used at trial. That procedure is not contemplated with regard to scientific reports.

In *State v. Madigan,* supra, we faced a situation where written reports existed. In order to circumvent the exclusionary rule of OCGA § 17-7-211(c) (Code Ann. § 27-1303), oral testimony regarding the contents of the written reports was introduced into evidence at the trial. The written reports were not offered. We held that to permit the oral testimony as a method of avoiding the statute would render the statute meaningless. Such is not the case where no written report exists.

*The judgment of the Court of Appeals is affirmed. All the*

*Justices concur, except Hill, C. J., who concurs in the judgment only, and Smith and Weltner, JJ., who dissent.*

Decided October 7, 1983.

*Lambert & Floyd, George C. Floyd,* for appellant (case no. 39818).
*Conger & Conger, Leonard H. Conger,* for appellant (case no. 39832).
*J. Brown Moseley, District Attorney, W. Paul Fryer, Assistant District Attorney,* for appellee.

Hill, Chief Justice, concurring in the judgment.

I concur in the judgment but not all that is said in the opinion. Specifically, where the majority say, in dicta, that if the defendant does not receive the scientific report at least ten days prior to trial, the defendant "may be entitled to a continuance or recess as the trial judge shall determine," I would say that the defendant *would* be entitled to a continuance *unless* the state is able to show that the continuance is sought solely for purpose of delay.

Here the state showed that defendant's expert had been permitted to examine the substance in question prior to trial and thus there was no reason to continue the case. Moreover, the examination by defendant's expert rendered harmless the state's failure to produce a written report. I therefore concur in the judgment.

Smith, Justice, dissenting.

As in the majority opinion, this dissent first addresses the question of the timeliness of the request, and then the meaning and intent of the statute.

1. I disagree with the construction of OCGA § 17-7-211 (Code Ann. § 27-1303) by the majority which is contrary to the statute's plain language. It is not at all obvious, as the majority writes, that the ten day period may be reduced if ten days are not available "either because the defendant delays the request, or because indictment or arraignment occurs within ten days of trial." The statute clearly says that compliance *must* occur at least ten days prior to trial of the case. The trial judge has discretion in the matter only when written request is made at some time other than arraignment.

I am aware of the potential for abuse that may follow from this reading of the statute. In *State v. Meminger,* 249 Ga. 561 (292 SE2d 681) (1982), we speculated that the construction I propose could be used by a defendant for purposes of delay when he knew far in

advance of arraignment that he needed to request discovery. We concluded that such tactics were contrary to the principles of fair and speedy determination of cases. However, neither *Meminger* nor this case contain facts presenting dilatory tactics on the part of the defendant and the ruling here in anticipation of such delay is as speculative and unnecessary as it was in *Meminger.* We can decide the question of whether a request was made merely to delay trial when the case comes before us. In the meantime we need not and should not. There is absolutely nothing in the statute to suggest or support the argument that the defendant is to have fewer than ten days to inspect reports requested at arraignment. Only if the written request is made at some time after arraignment and less than ten days before trial does the trial judge have discretion to determine what constitutes a reasonable time prior to trial. The construction placed on OCGA § 17-7-211(b) (Code Ann. § 27-1303) by the majority in effect puts all requests, whether or not made at arraignment, within the discretion of the trial judge and erases words written by the legislature. See *Tanner v. State,* 160 Ga. App. 266 (287 SE2d 268) (1981).

2. The majority opinion not only disregards the clear language of OCGA § 17-7-211(Code Ann. § 27-1303), but it ignores the meaning and intent of the statute as well. The state is now relieved of a responsibility that the legislature plainly intended for it to have — to provide the accused with a copy of any scientific report evidence to be used against him in time to be of benefit in preparing his defense. Hereafter the state need only have its expert appear at trial and announce that his findings were not reduced to written form and that he will testify from memory. It is inconceivable to me that these tests can be performed without producing any written result, whether it be in note form or otherwise. It is an insult to intelligent people to say that a scientific test was conducted from which absolutely no notes or records survive. Unless of course the omission was deliberate.

A basic principle of scientific testing is that careful records of test procedure and results are to be scrupulously maintained. A scientific test without an accompanying report of the testing environment, number of trials, raw results and analyzed data is in reality no test at all. The majority opinion condones the performance and use of haphazard, hasty, inaccurate, unreliable and undocumented tests by the state where a man's liberty is at stake. A plain common sense view of right and wrong dictates an opposite result. Even if the same evidence can be presented either orally or in a written report by the expert, the statute implicitly recognizes the complexity of scientific evidence and helps to moderate the difficulty a defendant without laboratory resources may have in controvert-

ing it.

The purpose of the statute is to give the defendant an opportunity to examine and respond to complicated information dealing with topics not ordinarily encountered or understood by laymen. The opportunity to examine combines two elements: (1) a ten-day period to make a thorough examination and evaluation; and (2) an accessible, tangible form, such as a writing. Without both of these parts the opportunity to examine does not exist.

In the present case no written report was prepared, allegedly because of the rushed trial schedule. But the rights of the defendant should not depend on the state's hurry to try him. I can only suppose that the trial court felt impelled by the adage that justice delayed is justice denied, as its action can be characterized as nothing less than "expeditious." It is gratifying to know that one court has its calendar in such good order that it cannot give a defendant the time required by law to prepare his defense. Obviously there is no foot dragging in this circuit. In effect the defendant is told that since there was not time to prepare a report, he is not entitled to the benefits of the statute. This is fundamentally unfair and it was just such antics as this that created a compelling need for the statute in the first place.

Any interpretation of OCGA § 17-7-211 (Code Ann. § 27-1303) which derogates from the defendant's right to challenge the state's evidence against him is, in my view, wrong. With this opinion the majority has come down squarely on the side of the prosecution and in effect nullifies OCGA § 17-7-211(c) (Code Ann. § 27-1303) insofar as it gives the defendant access before trial to the results of scientific tests to be used against him by the state. Under the holding in this case, every prosecutor would be within the law to reject written scientific reports and to present such evidence through oral testimony, a problem identified in *Tanner v. State,* supra at 268. This was not intended by the legislature and to permit the state to avoid the clear duty imposed upon it by this statute is shockingly unjust.

WELTNER, Justice, dissenting.

I dissent because I am concerned that the reasoning of the majority might in some other case result in an intentional frustration of the plain purpose of OCGA § 17-7-211 (Code Ann. 27-1303). If the result of a scientific procedure must be reduced to writing in order to be subject to discovery, then the statute may be ignored, with impunity, by the failure of the examiner to prepare a report.

It may be that the present case included exigent circumstances which made it unfeasible to grant a continuance for the purpose of providing to the defendant a written report and the statutory period of time for its examination. The record is silent as to that possiblility.

The better practice would be to require in cases such as this, where no written report exists, that one be prepared and submitted ten days prior to trial, unless the trial judge makes a finding of fact that to follow such procedure would frustrate the ends of justice, and would inflict no substantial harm upon the defendant.